**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMD Services Inc<br>                Debtor(s)<br><br>COMMUNITY LOAN SERVICING, LLC<br>                Movant<br>        vs.<br><br>DMD Services Inc<br>                Debtor(s) | CHAPTER 11<br><br><br>NO. 23-10152 MDC<br><br><br><br>11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. DMD Services Inc. (hereinafter "Debtor") filed a petition under Chapter 11 of the Bankruptcy Code with this Honorable Court on January 18, 2023. Subsequently, on July 21, 2023, Community Loan Servicing, LLC (hereinafter "Movant") filed a Motion for Relief from the Automatic Stay ("Motion for Relief") with the Court to lift the automatic stay under 11 U.S.C. §362(a) to proceed with exercising its rights as mortgagee of real property located at 891 Main Street aka 889-891-893 Main Street, Darby, Pennsylvania 19023 ("Property") under state law [Dkt. No.46]. Debtor filed a Response in Opposition to Movant's Motion for Relief [Dkt. No.51]. On November 22, 2023, and the parties have entered this Stipulation to resolve this contested Motion for Relief in Debtor's Chapter 11 bankruptcy case ("Stipulation").

2. Both parties have agreed that the market value of the Property for purposes of the Debtor's Bankruptcy proceeding only shall be $300,000.00. The Debtor shall not seek to modify this value without the express written consent of the Movant.

3. Both parties agree that Movant's claim as listed in Debtor's Schedule D—Creditors Holding Secured Claims, filed with the Court, is $1,000.000.00. This claim is secured by a valid Mortgage recorded in the Delaware County Recorder of Deeds Office and that Mortgage is attached to Movant's above-referenced Motion for Relief from the Automatic Stay in this Chapter 11 case.

4. Commencing December 1, 2023, Debtor shall tender to Movant monthly adequate protection payments in the amount of $3,882.00. These payments shall be applied to the loan contractually until and/or unless Debtor confirms a Chapter 11 Plan.

5. Effective immediately and prior to confirmation of Debtor's Plan, Debtor is responsible for the timely payment of property taxes and maintaining insurance for the Property, including, but not limited to any flood or general liability insurance for the Property showing Movant as a loss payee/mortgagee as may be required under the Loan Documents. Debtor agrees to provide Movant's counsel with proof of such insurance within 3 business days of executing this Stipulation, and upon written request for proof payment and/or insurance renewals by Movant's counsel.

6. Debtor acknowledges Movant has made an Election under 11 U.S.C. §1111(b) of the Bankruptcy Code on October 3, 2023, with respect to its secured claim in this Chapter 11 case [Dkt. No.63].

7. In the event the monthly adequate protection payment under Section 4 above is not tendered, or the Debtor fails to timely pay to property taxes or maintain insurance for the Property per Section 5 above pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) calendar days of the date of said notice. If Debtor should fail to cure the default within the fifteen (15) days, Movant may file a Certification of Default and Order Terminating the Automatic Stay with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay as to the Property and including waiver of the stay provided by Bankruptcy Rule 4001(a)(3).

8. In addition to the maintaining the obligations set forth in Section 4 and 5 above, Debtor will file an amended Chapter 11 plan of reorganization under the Bankruptcy Code and any such plan , or further amended plan, must be confirmed within six (6) months of the Bankruptcy Court's Order approving of this Stipulation, or within such further amount of time permitted by the court, for good cause shown, after a noticed hearing. Any request for additional time to extend the six-month period must be incidental to confirmation of any amended Chapter 11 plan and for no other reason. If the Debtor has failed to confirm the Amended Chapter 11 Plan within the six-month period, Movant may file a Certification of Default citing this section of the stipulation with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and

waiving the stay provided by Bankruptcy Rule 4001(a)(3), and Movant may immediately proceed with its remedies under the Loan Documents and applicable State law as to the Property.

9. Nothing in this Stipulation prevents Debtor from amending its Chapter 11 plan or filing a series of amendments/modifications to its plan; similarly, nothing in this Stipulation compels Movant to vote to accept Debtor's Chapter 11 plan, and Movant maintains its right to object to any Chapter 11 Plan filed by Debtor in this case. Additionally, this Stipulation shall not be construed as a stipulation for the treatment of Movant's claim under Debtor's Chapter 11 Plan; however, nothing in this Stipulation shall prohibit the parties from entering into a subsequent stipulation with respect to the treatment of Movant's claim in any Chapter 11 Plan should they so desire.

10. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and Order Terminating the Automatic Stay, and the Court shall enter an order granting Movant relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this Stipulation shall be null and void, and is not binding upon the parties.

12. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law or for purpose of its claim under Debtor's Chapter 11 Plan.

13. The parties agree that a facsimile signature or authorized electronic signature shall be considered an original signature under this Stipulation.

14. In exchange for the foregoing, the parties agree the Evidentiary Hearing currently scheduled for November 29, 2023, in the above entitled Court is resolved, subject to the provisions herein, and the hearing may be vacated.

Date:   November 22, 2023        /s/ *Mark A. Cronin*
Mark A. Cronin, Esquire
Attorney for Movant

Date:    November 22, 2023            /s/ *Timothy Zearfoss*
                                                                   Timothy Zearfoss Esquire
                                                                   Attorney for Debtor

Approved by the Court this ____ day of _____, 2023.

                                                                   _____
                                                                   Magdeline D. Coleman
                                                                   Chief Bankruptcy Judge