# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | |
|     DMD Services, Inc., | ) | Chapter 11 |
| | ) | |
|     Debtor-in-Possession. | ) | Case No. 23-10152-MDC |

## SECURED CREDITOR COMMUNITY LOAN SERVICING, LLC'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S PROPOSED CHAPTER 11 PLAN

Secured Creditor Community Loan Servicing, LLC, ("**CLS**") by and through its undersigned counsel, hereby objects to the chapter 11 plan proposed by the debtor. In support of its objection to the Debtor's proposed chapter 11 plan, CLS avers as follow:

1. Debtor DMD Services, Inc. ("**DMD**") filed a petition under Chapter 11 of the Bankruptcy Code with this Honorable Court on January 18, 2023.

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(L).

3. DMD owns real property located at 891 Main Street aka 889-891-893 Main Street, Darby, Delaware County, Pennsylvania (the **"Property"**) which DMD has valued at $300,000.00.

4. CLS is a holder of a secured claim based upon a Mortgage and Note, secured against the Property with DMD owing approximately $1,000,000.00 on its secured claim at the time the instant petition was filed.

5. CLS made an election on October 3, 2023, pursuant to 11 U.S.C. § 1111(b) as to the treatment of its $1,000 ,000.00 claim in this chapter 11 case.

6. DMD and CLS entered a Stipulation resolving CLS's motion for relief from the automatic stay that was approved by this Honorable Court on November 27, 2023.

7. Subsequently, DMD filed an amended chapter 11 plan that proposes to pay CLS's $1,000,000.00 claim over a term of 25 years with interest, with $3,882.00/month for the first year (12 months) at 9.5% interest, then for the second through tenth year (108 months) at 5% interest at $3,237.60/month, then for the remaining 15 years of the plan for the eleventh through twenty-fifth year (180 months) at zero percent interest at $3,354.00/month.

8. CLS objects to DMD's proposed chapter 11 plan because it fails to pay CLS the prime-plus rate of interest on its secured claim based upon *Till v. SCS Credit Corp.*, 541 U.S. 465, 477 (2004) and, therefore, does not pay total present value in CLS's collateral in contravention of § 1129(b)(2)(A)(i)(II) ("[E]ach holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property."). Here, the *Till* initial prong that the Bankruptcy Court of an "efficient market" requires a "determination [by the Bankruptcy Court] of whether that market exists [and] requires evidence of loans similar in time of repayment, amount to be repaid, quality of collateral, and risk of repayment owing to the financial condition of the borrower." *In re South Canaan Cellular Investments, Inc.*, 427 B.R. 44, 78 n. 21 (Bankr. E.D. Pa. 2010). Moreover, Debtor would pay only a "prime-plus" rate under its proposed plan for one year, then pay a subprime rate of 5% for 9 years, then 0% interest rate for 15 years on the balance.

9. CLS objects to DMD's proposed chapter 11 plan because its class is impaired under the plan, and it is not fair and equitable with its treatment to CLS's claim under the plan.

10. CLS objects to DMD's proposed chapter 11 plan because it fails to comply with CLS's chosen election under 11 U. S. C. § 1111(b). After a creditor has made the section 1111(b) election, the creditor must receive: (1) deferred payments equal to at least the full amount of its

allowed claim; and (2) with a present value equal to at least the value of the subject property. § 1129(b)(2)(A)(i)(II). *See e.g. In re 222 Liberty Associates*, 108 B.R. 971, 994-995 (Bankr. E.D. Pa. 1993) (proposed interest rate did not adequately compensate for risks inherent in section 1111(b) election note).

     11.    CLS objects to DMD's proposed chapter 11 plan because it lacks feasibility.

     12.    CLS objects to DMD's proposed chapter 11 plan is not filed in good faith and is filed solely for the purposes of delay.

WHEREFORE, CLS respectfully requests that confirmation of the Debtor's proposed chapter 11 plan be denied and that this Honorable Court order such other relief as would be equitable and just.

Respectfully submitted,

**/s/ *Mark A. Cronin, Esquire*** 
Mark A. Cronin, Esquire
Attorney I.D. No. 58240
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
Phone: 215-825-6306, Fax: 215-825-6406
mcronin@kmllawgroup.com
Attorney for Objector Community Loan Servicing, LLC

Date: January 29, 2024