**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DMD Services Inc <br><br>       <u>Debtor.</u> | CHAPTER 11 |
| DMD Services Inc <br><br>       <u>Debtor</u> <br>     vs. <br><br> COMMUNITY LOAN SERVICING, LLC <br>       <u>Creditor</u> | NO. 23-10152 MDC <br><br><br> 11 U.S.C. Section 362 |

## <u>STIPULATION</u>

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor DMD Services, Inc. ("**DMD**") filed a petition under Chapter 11 of the Bankruptcy Code with this Honorable Court on January 18, 2023.

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(L).

3. DMD owns real property located at 891 Main Street aka 889-891-893 Main Street, Darby, Delaware County, Pennsylvania (the "**Property**") which DMD has valued at $300,000.00.

4. CLS is a holder of a secured claim based upon a Mortgage and Note, secured against the Property with DMD owing approximately $1,000,000.00 on its secured claim at the time the instant petition was filed.

5. CLS made an election on October 3, 2023, pursuant to 11 U.S.C. § 1111(b) as to the treatment of its $1,000,000.00 claim in this chapter 11 case.

6. <u>Secured Claim</u>.  Community Loan Servicing ("CLS") (its successors or assigns) shall have an allowed fully secured claim of $937,888.00 as of May 31, 2024 to be amortized over 20 years at a fixed interest rate of 1% per annum (the "<u>Secured Claim</u>").

7. <u>Contractual Payments of Principal and Interest</u>.    Debtor shall tender regular monthly principal and interest payments to Creditor (and/or its servicer) in the amount of $4,313.29 Commencing on June 1, 2024 and continuing on the first day of each month thereafter until May 1, 2044 when all outstanding amounts owed on the Secured Claim, including any escrow payments and/or charges as required per the terms and provisions of this Stipulation and/or the Loan, are to be paid in full.

8. <u>Payment of Property Taxes, Insurance</u>.  Effectively immediately, Debtor is required to obtain and maintain real property insurance for and timely pay all property taxes for the Property.  Debtor shall provide counsel for CLS with proof of such insurance within 5 business days of executing this Stipulation.    In the event Debtor fails to maintain insurance, or timely pay property taxes as required hereunder, then CLS may, in its sole discretion obtain insurance for and/or pay property taxes for the Property, which may become part of the Secured Claim thereafter, and thereafter require Debtor to tender monthly escrow payments to reimburse CLS for any and all insurance and/or property tax advances made by Property along with the regular contractual payments of principal and interest described in paragraph 2 above.  CLS does not have to provided Debtor with a notice of default for the failure to timely provide insurance for, or pay property taxes for the Property as Debtor understands these are Debtor's standing obligations.

9. <u>Post-Confirmation Default</u>.    Upon confirmation of Debtor's Chapter 11 Plan, the Automatic Stay shall be deemed terminated in all respects as to CLS.  In the event Debtor defaults on this Stipulation post-confirmation as to payments, CLS may provide Debtor notice of such default in accordance with the Loan documents. If Debtor fails to cure the default, CLS may proceed with its remedies as to the Property under the Loan documents

and applicable state law, including but not limited to foreclosure of the Property, without further notice, order, or proceeding of this Court.

10. Any forbearance CLS in exercising any right or remedy, including, without limitation, CLS accepting payments from third persons, entities or successors in interest to Debtor, or in amounts less than the amount due, including as provided for under this Stipulation, shall not be a waiver of or preclude the CLS's exercise of any right or remedy, or act as a waiver of its right to proceed hereunder or under the Loan documents

11. Except as otherwise expressly provided for herein, all remaining terms of the Note, Deed of Trust, and Loan Modification Agreement, which are incorporated herein by this reference, shall govern the treatment of CLS' Secured Claim.

12. The treatment of CLS' Class 3 Secured Claim in Debtor's Plan shall be deemed to reflect all the terms and provisions herein, which are incorporated therein by this reference. This Stipulation shall be attached to and expressly incorporated into any Confirmation Order on Debtor's Plan.   In the event of a conflict between a provision of Debtor's Plan as to the treatment of Creditor's Secured Claim, and the Stipulation, the Stipulation shall control.   Further, the terms and provisions of this Stipulation may not be modified, altered, or changed by any subsequently filed amended or modified Chapter 11 Plan without the express written consent of the Creditor.   Debtor shall attach a copy of this Stipulation to any subsequent Chapter 11 Plan filed in this case as an exhibit and shall expressly incorporate the terms and provisions of this Stipulation into Debtor's Chapter 11 Plan.

13. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, CLS shall retain its lien in the full, unmodified

amount due under the Loan since the commencement of these proceedings, less any

payments received to such date.

14. <u>Personal Guaranties/Releases</u>. The Debtor acknowledges the personal guaranty of Kim

Graves, executed in connection with and as consideration for the pre-petition Loan,

remains in full force and effect, and is not impacted by the Debtor's Plan, and that any

release or injunction provisions in the Debtor's Plan does not apply to this personal

guaranty obligation.

15. In exchange for the forgoing, CLS shall provide a ballot voting in favor of the Debtor's

Chapter 11 Plan of Reorganization for the Secured Claim, subject to and based upon the

terms and provisions of this Stipulation.

16. The parties agree that a facsimile signature shall be considered an original signature.

Date:___5/10/2024_____

By: ___/s/ Denise Carlon_____
   Denise Carlon, Esq.
   Attorney for Creditor

Date:___5/10/2024_____     By:_/s/ Timothy Zearfoss_____
   Timothy Zearfoss, Esq.
   Attorney for Debtor

Approved by the Court this ___ day of _____, 2024.  However, the court retains
discretion regarding entry of any further order.

_____
Bankruptcy Judge